IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEFANIE A. RODEN,

                                                                 MEMORANDUM

            Plaintiff,

                                                     3:07-cv-698-bbc

      v.

AFSCME COUNCIL 24; MARTIN BEIL;
GARY MITCHELL; BOARD OF REGENTS
OF THE UNIVERSITY OF WISCONSIN-MADISON;
SANDRA GUTHRIE; and JANICE RICE,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff is proceeding in this case pro se. She commenced the action on December 10, 2007, when she paid the full filing fee. On February 11, 2008, defendants Board of Regents of the University of Wisconsin-Madison, Sandra Guthrie and Janice Rice have moved to dismiss the action on the grounds that plaintiff's challenge to the alleged wrongful termination of her job in 1996 is barred by the applicable statute of limitations, the Rooker-Feldman doctrine, the doctrine of claim preclusion and the existence of Eleventh Amendment Immunity. In addition, these defendants contend that plaintiff's claim under the Federal Arbitration Act fails to state a claim upon which relief may be granted. Plaintiff

1

has responded to the motion with a brief and a document titled "Motion to Strike Ddefendants' Motion to Dismiss," which the court considers to be part of her brief in opposition to the motion to dismiss.

The remaining defendants have not yet answered the complaint. The record shows that defendants Martin Beil and AFSCME Council 24 have waived service of a summons and are due to file a responsive pleading to plaintiff's complaint no later than March 28, 2008. Defendant Gary Mitchell has not returned a waiver of service of a summons form to plaintiff. For this reason, plaintiff now has filed a "Request that the Court Cause Service to be Effected," together with a supporting brief. That motion is presently before the court.

When a plaintiff has complied strictly with the requirements for seeking a waiver of service of a summons from a defendant as described in Fed. R. Civ. P. 4(d)(1), and the defendant fails without good cause to return the waiver, the court may order the defendant to reimburse the plaintiff for the costs she incurs in having her complaint and a summons served personally on the defendant. Plaintiff wants the court to order the United States Marshal to serve her complaint on the defendant, but that request must be denied. She is not proceeding in forma pauperis in this case and therefore, the court has no authority to direct the marshal to serve her complaint for her. She is responsible for arranging service of process in accordance with Fed. R. Civ. P. 4(c). Therefore, I am enclosing to her with a copy of this order, a summons form for her use in serving defendant Mitchell.

Before plaintiff incurs the expense of serving defendant Mitchell personally, she might wish to consider two things.  First, a decision on the motion to dismiss filed by defendants Board of Regents, Sandra Guthrie and Janice Rice will be under advisement to the court within the next few days.  She may wish to wait until a decision is reached on the motion so that, if the motion is granted, she has not incurred service expenses needlessly.  Second, if she decides to proceed to serve defendant Mitchell personally and intends to seek reimbursement for that expense from the court, she should be aware that she will have to support her motion for reimbursement with an affidavit in which she avers that she followed to the letter the directions for obtaining a waiver from defendant Mitchell as set out in Fed. R. Civ. P. 4(d)(1), and that her efforts failed.  If she did not follow the requirements for obtaining a waiver precisely, she will not be entitled to reimbursement of the costs of personal service.

ORDER

IT IS ORDERED that plaintiff's "Request that the Court Cause Service to be Effected" (Dkt. #13) is DENIED.  Plaintiff is free to arrange on her own to serve defendant Gary Mitchell personally with a summons and her complaint.  A blank summons form is

enclosed to plaintiff with this order.

Entered this 11th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4