IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEFANIE A. RODEN,

                  ORDER

      Plaintiff,

                  07-cv-698-bbc

  v.

AFSCME COUNCIL 24; MARTIN BEIL;
GARY MITCHELL; BOARD OF REGENTS
OF THE UNIVERSITY OF WISCONSIN-MADISON;
SANDRA GUTHRIE; and JANICE RICE,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In this case, defendants have responded to plaintiff's complaint by moving separately to dismiss it. A preliminary pretrial conference has been scheduled to be held before Magistrate Judge Stephen Crocker on April 23, 2008 at 9:00 a.m.to set a trial date and other deadlines for moving the case to resolution. Now plaintiff has filed a brief in opposition to the motion to dismiss filed by defendants AFSCME Council, Martin Beil and Gary Mitchell. In addition, she has submitted a document titled "omnibus response to defendants AFSCME Council 24 et al.'s motion to dismiss" that, on cursory review of its content, was docketed as a "motion for partial summary judgment and for default judgment and additional

1

alternative motions" (Dkt. #32) A schedule for briefing these "motions" was generated automatically upon docketing. On closer review of docket #32, however, I am convinced the document is nothing more than a nonsensical response to defendants' motions to dismiss. In it, plaintiff lists motions by their names, such as a "motion for partial summary judgment," "motion for default judgment," "motion to strike," "motion for judgment on the pleadings," motion for reconsideration," "motion for an extension of time to serve defendant Mitchell" and motion "pursuant to Rule 15(b)" "for the plaintiff's pleading to be characterized as a hybrid." However, nowhere in the document does she explain the reason she is listing the names of the motions or why she might believe she has any basis for making such motions. At the conclusion of her list, plaintiff states, "For reasons set forth in the plaintiff's accompanying brief, the requested relief should be granted and the defendants' motion to dismiss should be denied." Therefore, to the extent that the "omnibus response" contains any conceivable argument in opposition to defendants' motions to dismiss, I will consider it when I rule on the motions to dismiss. The briefing schedule automatically generated on April 16, 2008 will be rescinded.

ORDER

IT IS ORDERED that plaintiff Stefanie Roden's "omnibus response . . ." (Dkt. #32) is construed as a response to defendants' motions to dismiss.

2

Further, IT IS ORDERED that the briefing schedule issued on April 16, 2008 is RESCINDED.

Entered this 22nd day of April, 2008.

> BY THE COURT:
>
> /s/
>
> _____
> BARBARA B. CRABB
> District Judge

3