IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEFANIE A. RODEN,

                                                         OPINION and ORDER

                     Plaintiff,

                                                07-cv-698-bbc

           v.

AFSCME COUNCIL 24; MARTIN BEIL;
GARY MITCHELL; BOARD OF REGENTS
OF THE UNIVERSITY OF WISCONSIN-MADISON;
SANDRA GUTHRIE; and JANICE RICE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Before her employment was terminated in 1996, plaintiff Stephanie Roden worked

as a library services assistant at a library on the University of Wisconsin campus.   In this

lawsuit brought under Title VII of the Civil Rights Act, 42 U.S.C. § 1983 and the Wisconsin

State Employment Labor Relations Act, Wis. Stat. § 111.80-111.94, she contends that her

employment was terminated wrongfully.  Now before the court are motions to dismiss by

defendants AFSCME Council 24, Martin Beil, Gary Mitchell, Board of Regents of the

University of Wisconsin Madison, Sandra Guthrie and Janice Rice.

       I conclude that the statute of limitations has run with respect to plaintiff's claims

brought under § 1983 and the Wisconsin State Employment Labor Relations Act and that

plaintiff cannot demonstrate that equitable tolling is appropriate.  In addition, plaintiff concedes that she failed to file a grievance with the EEOC and thus she failed to exhaust her administrative remedies before bringing a claim under Title VII.  Therefore, defendants' motions will be granted and the case dismissed.

Although this case is at an early stage, its history is lengthy and convoluted.  Shortly after defendants Board of Regents of the University of Wisconsin Madison, Sandra Guthrie and Janice Rice filed their motion to dismiss her complaint, plaintiff submitted a document titled "Plaintiff's Request for Thirty Days to File an Amended Complaint."  Dkt. #7.  I denied this motion and explained to plaintiff that it was not the court's practice to halt the proceedings to allow a plaintiff to amend her complaint without first reviewing the proposed amendment to insure that it is not futile.  Dkt. #10.  Plaintiff then moved for reconsideration of this decision.  Dkt. #16.  I denied this motion as well.  Dkt. #24.

When plaintiff filed her response to the motion to dismiss filed by defendants AFSCME Council 24, Martin Beil and Gary Mitchell, she also filed a nonsensical "Omnibus Response" in which she included an unsupported list of "motions."  All of these "motions" are moot; none alters my conclusion that the statute of limitations has expired on plaintiff's claims.

Finally, I note that in her responses to defendants' motions to dismiss, plaintiff identifies several new legal theories.  For example, she contends that she states claims under

2

the Americans with Disabilities Act, the Family and Medical Leave Act and 42 U.S.C. §
1986.  Although plaintiff was not required to identify legal theories in her complaint, none
of her allegations support these assertions or give notice to defendants of the nature of her
claims, as is required by Fed. R. Civ. P. 8.  <u>DeWalt v. Carter</u>, 224 F.3d 607, 612 (7th Cir.
2000).  (Complaint must contain "a short and plain statement of the claim" that gives
defendant fair notice of what plaintiff's claim is and grounds upon which it rests.)

For the purpose of deciding defendants' motions to dismiss, I accept as true the
factual allegations in plaintiff's complaint.


ALLEGATIONS OF FACT

Plaintiff Stephanie Roden was employed as a library services assistant at College
Library on the University of Wisconsin-Madison campus.  During her employment she
suffered from a "job-related injury" and was absent from work.  She sought treatment for the
injury and complied with her doctors' medical instructions, as well as with the instructions
set forth by the Employee Compensation and Benefits staff at the university regarding injury
and absence from work.

During the course of her injury, plaintiff informed her supervisors, defendants Sandra
Guthrie and Janice Rice, about her condition.  In addition, pursuant to a collective
bargaining agreement, plaintiff informed defendant Gary Mitchell of her condition.  Mitchell

3

is the chief union steward for AFSCME Council 24.

While plaintiff was injured, defendants Guthrie and Mitchell conducted a pre-termination hearing regarding plaintiff's employment. Plaintiff was not present at the hearing. After the hearing, plaintiff received a letter from defendant Guthrie informing her that her employment had been terminated. Guthrie added that defendant Mitchell had supplied information to defendant Guthrie that was a "motivating factor" in plaintiff's termination. Prior to plaintiff's termination, defendants Rice and Guthrie had demonstrated hostility towards plaintiff on numerous occasions.

On April 26, 1996, plaintiff filed a grievance with defendant Mitchell. Defendants AFSCME Council 24 and Martin Beil refused to assist plaintiff with the grievance or arbitrate the grievance and hey informed her of this in a letter dated July 7, 1997. Plaintiff was never informed about what negative information defendant Mitchell had provided.

Plaintiff then filed a complaint with the Wisconsin Employment Relations Commission, in which she alleged violations of the State Employment Labor Relations Act by defendants. The case was held in abeyance at plaintiff's request. On September 6, 2007, without review, hearing or a decision on the merits, the commission dismissed plaintiff's complaint.

4

OPINION

Plaintiff's filings in this case have been nearly impossible to understand.  However, it appears that she believes that her termination from her job violated her constitutional rights to due process and equal protection, claims that she has brought under 42 U.S.C. § 1983.  She contends also that the termination violated Title VII of the Civil Rights Act and the Wisconsin State Employment Labor Relations Act, Wis. Stat. §§ 111.80 – 111.94.

I turn first to plaintiff's Title VII claim.  Defendants argue that plaintiff cannot pursue this claim because she did not allege in her complaint that she had exhausted her administrative remedies.  Defendants should be aware that this is not a reason to grant a motion to dismiss a Title VII claim:  the Court of Appeals for the Seventh Circuit has held that administrative exhaustion under Title VII is an affirmative defense.  <u>Salas v. Wisconsin Department of Corrections</u>, 492 F.3d 913, 920 (7th Cir. 2006).  However, in her response to the motion to dismiss filed by defendants Board of Regents of the University of Wisconsin-Madison, Sandra Guthrie and Janice Rice, plaintiff concedes that "she did not access the EEOC timely and has no Title VII claim."  Dkt. #17 at 9.  Thus, plaintiff's Title VII claim must be dismissed for her failure to exhaust her administrative remedies, in spite of her efforts to resuscitate the claim in a later filing by arguing that equitable tolling should delay the time in which she was required to file a complaint with the EEOC.  Dkt. #31 at 4-5.

5

Next, I turn to plaintiff's claims under § 1983 and the State Employment Labor Relations Act.[1]  Defendants contend that these claims must dismissed because the statute of limitations have elapsed.  It is undisputed that plaintiff was fired from her job in March 1996 and received notice that the union would not represent her in pursuing a grievance in 1997.  Actions brought under § 1983 have a six-year statute of limitations in Wisconsin; therefore, the time for filing a civil rights action expired long ago.  Wudtke v. Davel, 128 F.3d  1057, 1061 (7th Cir. 1997).  Any claim plaintiff might have had under the State Employment Labor Relations Act had a one-year statute of limitations, which expired even earlier.  Wis. Stat. §§ 111.07(14) and 111.84(4)).

In her response, plaintiff concedes that her suit is outside the applicable statutes of limitation, but argues that she should be excused from meeting the limitations requirements because her complaint with the Wisconsin Employment Relations Commission was not resolved until recently after being held in abeyance for some time, because she "did not know then what she knows now" and because defendants "waived" any arguments regarding the statutes of limitation.  In addition, she argues that if defendants were concerned about the

---

[1] For the limited purpose of this opinion, I will assume, without deciding, that this court has diversity jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1332. Plaintiff's address is in Virginia, the defendants appear to be citizens of Wisconsin. Therefore, I need not determine whether it would be appropriate to exercise supplemental jurisdiction, 28 U.S.C. § 1367, over plaintiff's state law claim after determining that her federal claims must be dismissed.

statutes of limitation, they should have opposed her request to hold the case in abeyance before the administrative body and should have asked that the case be called out of abeyance and resolved.

In support of these arguments, plaintiff invokes the doctrine of equitable tolling. The doctrine of equitable tolling of the statute of limitations permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on her part she was unable to sue before, even though the defendant took no active steps to prevent her from suing. Donald v. Cook County Sheriff's Department, 95 F.3d 548, 561 (7th Cir. 1996). Equitable tolling is appropriate in "extraordinary circumstances," Savory v. Lyons, 469 F.3d 667, 673 (7th Cir. 2006), that are "far beyond a litigant's control." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (cautioning that equitable tolling is applied "sparingly"). Such circumstances may arise if the plaintiff is unable to determine who caused her injury, if she has received inadequate notice of her injury, if the court led the plaintiff to believe she had done everything required of her or if appointment of counsel is pending. Donald, 95 F.3d at 563.

None of these situations applies here, and plaintiff cannot avoid the statutes of limitation so easily. Statutory limitation periods are not mere technical requirements that may be avoided in the normal course of events. Rather, they serve several important purposes. As the Supreme Court has explained, statutes of limitation "promote justice by

7

preventing . . . the revival of claims . . . [after] evidence has been lost, memories have faded and witnesses have disappeared." <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538, 554 (1974). In addition, they insure "essential fairness to defendants" by preventing a plaintiff from "sleeping" on her rights, allowing them to become stale. <u>Id.</u> As the Court of Appeals for the Seventh Circuit noted recently, statutes of limitation are of particular importance for employment-related claims. <u>Knutson v. UGS Corp. and SDRC (Structural Dynamics Research Corporation)</u>, — F.3d —, No. 07-2959 (7th Cir. May 13, 2008). Employers require certainty about the composition of their workforce and employees deserve prompt reinstatement of workers if they have been the subject of adverse employment actions. <u>Id.</u>

Considered in the context of the important principles underlying the applicable statutes of limitation, plaintiff's arguments that those statutes should be tolled in this case come up short. Plaintiff was fired more than eleven years ago, yet she did not file a federal lawsuit until late 2007. She does not explain what it is that she "did not know then that she knows now," but it is clear from her complaint that she knew in 1996 that her employment had been terminated in a manner she found unfair and that defendant Mitchell had not represented her in a manner that she approved at the pre-termination hearing. In 1997, she learned that the union would not represent her in arbitration regarding her termination. Not only was she aware of these facts, but she also must have believed that they were legally

8

actionable, because she filed a complaint with the Wisconsin Employment Relations Commission.  These are the very facts that form the basis for her current lawsuit.

The fact that the administrative proceeding filed by plaintiff stalled for several years has no bearing on whether plaintiff should have filed this lawsuit long ago if she wanted to preserve her right to do so (regardless who is responsible for the delay).  She did not need to wait to file her claim under § 1983 until after the commission reached a decision.  Her lack of diligence in pursuing her claims for more than twelve years is no reason to toll the statute of limitations.  The time for filing these claims has long since passed and I will grant defendants' motion  to dismiss.


ORDER

IT IS ORDERED that the motions to dismiss plaintiff Stephanie Roden's complaint by defendants AFSCME Council 24, Martin Beil, Gary Mitchell, dkt. #22, Board of Regents of the University of Wisconsin Madison, Sandra Guthrie and Janice Rice, dkt. #3, are

GRANTED.  The clerk of court is directed to enter judgment for defendants and close this

case.

Entered this 13th day of May, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

10